IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ajamu M. Kafele,

    Plaintiff,

  v.                                   Case No. 2:02-cv-0743
                                         JUDGE GRAHAM

Lerner, Sampson, &
Rothfuss, L.P.A., et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

    *Pro se* plaintiff, Ajamu Kafele ("plaintiff") originally brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. He alleged violations of the Seventh and Fourteenth Amendments of the United States Constitution and defamation and attorney malpractice against the lawyers who prosecuted foreclosure actions on multiple properties against him in the Common Pleas Court of Franklin County, Ohio. On October 9, 2002, this court granted in part defendants' motion to dismiss. All plaintiff's claims were dismissed with prejudice except the alleged violation of the notice provision of the FDCPA, §1692(g). That claim was allowed to continue against Lerner, Sampson & Rothfuss, L.P.A., and Carlos S. Ramirez (collectively referred to as "defendants") with respect to the Dennison Avenue property located in Gahanna, Ohio. Discovery is complete and this matter is now before the court on defendants' motion for summary judgment and plaintiff's cross motion for partial summary judgment.

## I.  Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case. LaPointe, 8 F.3d at 378.  The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case.  Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

In response, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J. C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)).  The Court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. See also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994).

Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## II. Background

Plaintiff's remaining cause of action accuses defendants, in their capacity as attorneys and debt collectors, of violating the notice provisions of the FDCPA. As required by §1692g, defendants sent a thirty day notice to plaintiff on or around August 2, 2001, (the "FDCPA notice"). Attached to the FDCPA notice was a summons and complaint for a foreclosure action filed in state court. The FDCPA notice informed defendant that he had thirty days to dispute the validity of the debt, while the state court summons and complaint directed plaintiff to file an answer within twenty-eight days or a default judgment could be entered.

Plaintiff did not dispute the debt within the thirty days provided for in the FDCPA notice. Instead, plaintiff waited over 8 months, until April, 2002, to send defendants written notice that he was disputing the debt. However, in the state court action, plaintiff answered the complaint within the required twenty-eight days. Defendant later filed a summary judgment motion in the state court case and on May 13, 2002, the state court granted summary judgment, finding that plaintiff owed on the subject note a principal balance of $124,466.60 plus interest, taxes, and other costs. Judgment was rendered against the plaintiff and a sheriff's sale ordered.

## III. Discussion

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors..." 15 U.S.C. §1692e. Under its

4

terms, within five days of initial communication with a consumer, a debt collector must send to the consumer a written notice containing (1) the amount of the debt, (2) the creditor's name, (3) a statement that unless the consumer disputes the validity of the debt within thirty days of receipt of the notice, the debt collector will assume the debt to be valid, (4) a statement that if the consumer does dispute the debt in writing within thirty days, the debt collector will obtain verification of the debt or a copy of the judgment, and (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from that of the current creditor. 15 U.S.C. §1692(g).

The FDCPA requires that the debt collector "effectively convey" notice to the debtor. Smith v. Computer Credit, Inc., 167 F.3d 1052, 1054 (6th Cir.1999)(citing Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1225 (9th Cir.1999)). In determining whether a debt collector has effectively conveyed notice of the thirty day validation period for purposes of §1692(g), courts use the "least sophisticated debtor" standard. Id. This is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Id. (citing Swanson, 869 F.2d at 1277). The "least sophisticated" standard ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and protects debt collectors against liability for bizarre idiosyncratic interpretations of collection notices. Cavallaro v. Law Office of Shapiro & Kreisman, 933 F. Supp. 1148, 1153 (E.D.N.Y

5

1996)(citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2nd Cir.1993)).

### A. Liability For Violating The FDCPA

Plaintiff alleges that under the least sophisticated consumer standard, the FDCPA notice sent by defendants did not effectively convey that plaintiff had thirty days to dispute the debt because the FDCPA notice was attached to the state court summons and complaint which required an answer in twenty-eight days. For this reason, plaintiff requests summary judgment on his FDCPA notice claim.[1]

Plaintiff's position is supported by numerous cases which hold that inconsistent statements regarding the deadline to dispute a debt violate §1692g. See In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla. 2001)(notice not effectively communicated when the FDCPA notice was included in a packet which also contained a summons and complaint which required an answer within thirty days); Bartlett v. Heibl, 128 F.3d 497, 500-501 (7th Cir.1997)(FDCPA notice found inconsistent because it informed defendant he had thirty days to dispute the debt but also said that if he did not pay within one week he would be sued); Graziano v. Harrison, 950 F.2d 107, 111 (3rd Cir.1991)(notice not effectively communicated when thirty day notice was accompanied by a threat of legal action if debt not paid within ten days); Cavallro v. Law office of Shapiro and Kreisman, 933 F.Supp. 1148, 1154 (E.D.N.Y.1996)(notice inadequate because it

---

[1] Plaintiff also requests summary judgment on claims related to defendants' "continued prohibited debt collection action" and "other issues of violation of the FDCPA;" however, no such claims are before this court. As previously noted, all plaintiff's claims, with the exception of the notice violation of the FDCPA, §1692g, were dismissed by this court's Order of October 9, 2002.

6

stated that debtor must dispute debt within thirty days from the date of the notice rather than thirty days from the date of receiving notice); Adams v. Law office of Stuckert & Yates, 926 F.Supp 521, 517-528, (E.D. Penn.1996)(Notice inadequate because thirty day notice was overshadowed by other language threatening suit unless "prompt" or "immediate" payment was received and because two notices were sent, one to the debtors house and another to the debtors business, which were received on different days meaning the thirty day deadline began on different days).

In their summary judgment motion, defendants do not dispute liability for violating the FDCPA notice provision. Rather, defendants seek summary judgment based on plaintiff's inability to prove actual damages. Defendants' motion states:

> Should this court determine pursuant to this motion, that as a matter of law the FDCPA notice was inadequate, which for the purposes of this motion the defendants do not contest, then the only remaining issue in this case is [plaintiff's] damages.

Defendants fail to present any evidence mitigating their actions and actually concede, for the purposes of this motion, that their acts constituted a violation. Therefore, defendants are liable for violating the FDCPA notice provision, §1692g. Plaintiff's partial motion for summary judgment is granted regarding the issue of defendants' violation of §1692g of the FDCPA.

**B.   Damages**

Under the civil liability section of the FDCPA, a plaintiff may recover the following:

(1)   Actual damages sustained;
(2)   Additional [statutory] damages, as the court may allow, up to $1,000; and
(3)   Costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. §1692k(a)

Under subsection (2) and (3) above, plaintiff and defendants agree that this court, at its discretion, should award up to $1,000 in statutory damages, reasonable and appropriate costs, and $450 in attorney's fees.  With respect to subsection (1), actual damages, the parties disagree significantly.  Plaintiff insists that the question of actual damages must be submitted to a jury, while defendants argue that the actual damages claimed by plaintiff are unrecoverable as a matter of law, and therefore summary judgment is appropriate.  Each damage award is discussed below.

**1.   Actual Damages**

If a defendant fails to comply with the FDPCA, a plaintiff may be awarded actual damages to compensate for out-of-pocket expenses incurred and any humiliation, embarrassment, anguish, or emotional distress.  Becker v. Montgomery, Lynch, No. Civ. A. 1:02 CV 874, 2003 WL 23335929, *2 (N.D. Ohio, 2003)(citing Smith v. Law offices of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1991)).

During plaintiff's deposition, he was asked to identify any

8

actual damages suffered.  In addition to the attorney's fees and costs addressed in subsection (3) below, plaintiff identified the following:

- Moving expenses, including the transferring of his telephone service.
- The reporting of the state court foreclosure action on his credit report which may have an adverse impact on his future ability to borrow money.
- $300 paid to a "CPA" to review documents related to his state court foreclosure.
- Lost house and lost future equity that would have accrued.
- Mental anguish as a result of having his door tagged the day before Thanksgiving.

Defendants move for summary judgment, alleging that these damages resulted from the state court foreclosure action, and that plaintiff is attempting to re-litigate that case.  Defendants argue that such damages are unrecoverable because the FDCPA violation is unrelated to the state court foreclosure and the FDCPA violation is not a defense to a foreclosure action.

Plaintiff counters with several arguments all based on the proposition that a violation of the FDCPA renders the state foreclosure action null and void.  Plaintiff, however, does not cite, and this court has failed to find, any support for this proposition.[2]  Further, plaintiff asserts that defendants' motion is misleading because it does not identify all actual damages suffered.  However, plaintiff has not produced any evidence of

---

[2] As noted by defendants, and discussed later in this Order, other jurisdictions have come to the opposite conclusion.  See Washington Mutual Bank v. Delbuono, No. CV030081479S(unpublished), 2003 WL 21958417, *4 (Conn. Super. July 29, 2003)(a violation of the FDCPA is not a defense to a foreclosure action).

9

actual damages not already identified in defendants' motion and mentioned above in this Order.

Plaintiff's arguments are unpersuasive. Plaintiff has failed to present evidence of any actual damages stemming directly from the FDCPA violation. Instead, the actual damages claimed are direct consequences of the state court foreclosure, the sheriff's sale of his property, and plaintiff's relocation. The defendants did not act directly to cause any of the actual damages identified. Rather, the alleged damages were caused by the acts of state or local officials at the direction of the state court. A jury trial in federal court, to determine the recoverability of the actual damages claimed, would cover the same facts and issues already adjudicated on summary judgment in the state foreclosure action. As discussed below, res judicata and the Rooker-Feldman Doctrine forbid this court from re-litigating plaintiff's unsuccessful state court foreclosure defense.

As noted in this court's October 9, 2002, order, which granted in part defendants' motion to dismiss, Ohio courts recognize the doctrine of res judicata. Further, the federal courts look to state law and give the judgments of state courts the same preclusive effect as would be given in the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984).

Res judicata directs that an existing final judgment rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in

10

issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Norwood v. McDonald, 142 Ohio St. 299 (1943). A prior adjudication serves to settle all issues between the parties that could have been properly litigated in the case as well as those issues which were actually raised and decided. Rogers v. Whitehall, 25 Ohio St.3d 67 (1986). The Ohio Supreme Court has held that a suit alleging unconstitutional enforcement of state laws was barred by res judicata where the constitutional issues raised by the second suit could have been raised as defenses in the earlier state action. See City of Cincinnati ex rel. Crotty v. City of Cincinnati, 50 Ohio St.2d 27(1977). The doctrine of res judicata also bars relitigation of final judgments rendered by a court of competent jurisdiction even if the judgment is erroneous. LaBarbera v. Batsch, 10 Ohio St.2d 106, 109 (1967).

Res judicata bars this court from holding a jury trial on plaintiff's actual damages because the defendants' failure to give an adequate FDCPA notice does not excuse plaintiff's failure to successfully defend the state court foreclosure action. Plaintiff timely filed an answer in the state court case; nevertheless, defendants succeeded on summary judgment. The state court found no genuine issues of material fact regarding the debt owed and ordered the sale of plaintiff's property to satisfy the debt. Plaintiff has presented no evidence to show fraud, collusion, or any impropriety with how the state court reached this judgment. Therefore, under the doctrine of res judicata the state court's ruling is conclusive of rights and questions and facts in issue and

this court is barred from re-litigating the action and/or awarding damages based on the immediate consequences of the state court's order.

Similarly, under the Rooker-Feldman Doctrine, this court does not even have subject matter jurisdiction to grant the actual damages claimed in this case. The Rooker-Feldman Doctrine takes its name from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In Rooker, the Supreme Court held that lower federal courts lack jurisdiction to hear appeals from state court judgments because the Supreme Court alone has that power. Feldman expanded the Doctrine to apply not only to claims actually raised before the state court but also claims that are inextricably intertwined with state court determinations. See Feldman, 460 U.S. at 482 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in federal court.").

A federal claim is inextricably intertwined with a state court judgment if "granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect." See Pieper v. Am. Arbitration Ass'n, Inc., 336 F. 3d 458, 460 (6th Cir.2003). See also Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.").

In assessing the applicability of the Doctrine in a particular case, courts are instructed:

> [T]he fundamental and appropriate questions to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.  If the injury alleged resulted from the state court judgment itself, the doctrine dictates that the federal courts lack subject matter jurisdiction even if the state court judgment was erroneous or unconstitutional."

See Long v. Shorebank Development Corporation, 182 F.3d 548, 558 (7th Cir. 1999)(citations omitted).

The Rooker-Feldman Doctrine denies this court subject matter jurisdiction over the plaintiff's actual damages claim because all of the actual damages identified by the plaintiff stem directly from the state court order.  Any award of actual damages to the plaintiff would necessarily require a determination that the state court was wrong.

In his motion for partial summary judgment, plaintiff cites Long, *supra,* in an attempt to demonstrate that his actual damages claim should proceed to a jury trial.  In Long, the Seventh Circuit found the Rooker-Feldman Doctrine inapplicable because Illinois procedural laws prevented the plaintiff from raising his federal claim in the state court's summary forcible entry and detainer proceedings.   Long held that an issue cannot be "inextricably intertwined" with a state court action if plaintiff did not have a "reasonable opportunity" to raise the issue in the state court proceedings.  Long, 182 F.3d at 560.  In determining whether or not a plaintiff had a "reasonable opportunity" to raise his or her

13

claims:

> It is not enough for [plaintiff] to say that [he or she] was kept away by the defendants' chicanery ... federal litigants have pointed to some factor independent of the action of the opposing party ... Typically either some action taken by the state court or state court procedures in place have formed the barriers that the litigants are incapable of overcoming in order to present certain claim to the state court.

See Long, 182 F.3d at 558.

Plaintiff's reliance on Long is misplaced, as this case is readily distinguishable. In this case, there is no evidence that any action by the state court or any procedural bar prevented plaintiff from asserting his FDCPA arguments in the state court proceeding.[3] Moreover, nothing prevented him from challenging the validity of the debt as discussed above. Either plaintiff failed to raise these claims in state court, and therefore, has forfeited his right to obtain review of that decision in federal court, or plaintiff raised these issues but the state court found them unpersuasive and held plaintiff responsible for the debt and ordered the sheriff sale. Either way, plaintiff has submitted no evidence which would support a finding that the application of the Rooker-Feldman Doctrine would be inappropriate in this case.

Finally, even if res judicata and the Rooker-Feldman Doctrine were inapplicable, a strong argument can be made that plaintiff's

---

[3] While not deciding the question of whether a FDCPA violation constitutes a defense to foreclosure, one Ohio court decision indicates that a violation of §1692g of the FDCPA could be argued in response to a summary judgment motion in a foreclosure action. See Bank of New York v. Barclay, No. 03AP-844 (unreported), 2004 WL 503935 (Ohio App. March 16, 2004).

claimed actual damages would still be unrecoverable because a FDCPA violation is not a valid defense to a state foreclosure action. See Washington Mutual Bank, 2003 WL 21958417 at *4.[4] Under this view, defendants' FDCPA violation is completely unrelated to and would have no effect on the state court's order to foreclose and sell plaintiff's property. Therefore, any damages stemming from the state court order of foreclosure would likewise be unrelated and unrecoverable as actual damages under the FDCPA.

The FDCPA is concerned with collection practices, not the making, validity or enforcement of the any note or mortgage. The FDCPA does not deal substantivally with the validity of debts, nor does it state that a violation of the act shall have any effect on the enforcement of a note. Rather, the FDCPA's stated purpose is to:

> [E]liminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

15 U.S.C. §1692e. The FDCPA addresses fair practices and consistency among debt collectors and is focused on punishing abusive practices of debt collectors through civil penalties, not by providing additional defenses to debtors in collection actions.

Plaintiff has presented no evidence of any recoverable actual damages. Therefore, plaintiff is not entitled to trial by jury on

---

[4] Plaintiff correctly points out that Washington Mutual Bank is a Connecticut state court decision and, therefore, is not binding authority. Nevertheless, this court finds its reasoning persuasive.

the issue of actual damages, and his request for a jury trial is denied. Plaintiff is not entitled to recover actual damages and defendants' motion for summary judgment on the issue of actual damages is granted.

### 2. Statutory Damages

In determining the appropriate amount of statutory damages the court shall consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. §1692k(b).

In this case, none of the motions from either party presented evidence regarding what an appropriate statutory penalty should be. Therefore, plaintiff is awarded $500 in statutory damages for defendants' violation of the notice provision of the FDCPA.

### 3. Costs and Fees

Plaintiff alleges and defendants do not dispute that attorney's fees total $450 in this case. Attorney's fees in the amount of $450 are hereby awarded to plaintiff plus appropriate costs.

### IV. Conclusion

For the foregoing reasons, plaintiff's cross motion for summary judgment is granted with respect to liability, statutory damages, and fees and costs. Plaintiff's request for a jury trial to determine actual damages is denied. Defendants' motion for summary judgment on the issue of actual damages is granted and no actual damages will be awarded. The clerk shall enter final

judgment in favor of plaintiff in the amount of $950 and costs.

It is so ORDERED.

                                       <u>s/James L. Graham</u>
                                       JAMES L. GRAHAM
                                       United States District Judge

DATE: June 9, 2005